UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TERESA TAMELLEO FKA TERESA AGLIONE,<br><br>           Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-7,[1]<br><br>           Defendants. | CIVIL ACTION NO. 1:23-cv-00424-MSM-LDA |

**DEFENDANT, PHH MORTGAGE CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, PHH Mortgage Corporation ("PHH") submits the following answer to Plaintiff, Teresa Tamelleo FKA Teresa Aglione's ("Plaintiff") Complaint:

1. PHH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1.

2. The allegations contained in Paragraph 2 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

4. The allegations contained in Paragraph 4 refer to a document, which speaks for itself. PHH deny any allegations inconsistent with the document.[2]

5. Admitted

6. Admitted.

---

[1] PHH has not received any proof of service on DBNTC, as Trustee, and no return of service has been filed with the United States District Court for the District of Rhode Island.

[2] Plaintiff has misnumbered the paragraphs in her Complaint and has not included Paragraph 3.

7. Denied.

8. The allegations in Paragraph 8 contain a legal conclusion to which no response is required. To the extent a response is required, PHH denies any violation of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. The allegations contained in Paragraph 14 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

15. Paragraph 15 refers to an exhibit to Plaintiff's Complaint, an April 24, 2023 Notice of Intention to Foreclose, and does not require a response.[3]

16. The allegations contained in Paragraph 16 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

17. Denied.

18. The allegations contained in Paragraph 18 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

19. The allegations contained in Paragraph 19 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

---

[3] Exhibit D, docketed as ECF No. 1-4, in C.A. No. 23-cv-00424-MSM-LDA consists of a one-page USPS Certified Mail Tracking information and a five-page April 24, 2023 Notice of Intention to Foreclose. Exhibit D attached to the Complaint that was served on PHH consists of two-pages of identical USPS Certified Mail Tracking Information, the five-page April 24, 2023 Notice of Intention to Foreclose, and nineteen-pages from The Providence Journal.

20. Denied.

21. The allegations contained in Paragraph 21 refer to statute, R.I.G.L. § 34-27-3.1, which speaks for itself. To the extent a response is required, denied.

22. The allegations contained in Paragraph 22 refer to statute, R.I.G.L. § 34-27-3.1, which speaks for itself. To the extent a response is required, denied.

23. Denied.

24. Denied.

25. PHH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25.

26. PHH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

28. Paragraph 28 refers to an exhibit to Plaintiff's Complaint, PHH Mortgage Services Streamline Modification TRIAL PERIOD PLAN NOTICE, and does not require a response.[4]

29. The allegations contained in Paragraph 29 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

30. The allegations contained in Paragraph 30 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

---

[4] The first page of Exhibit F, docketed as ECF No. 1-6, in C.A. No. 23-cv-00424-MSM-LDA differs from Exhibit F that was attached to the Complaint served on PHH. Further, Exhibit F, docketed as ECF No. 1-6, in C.A. No. 23-cv-00424-MSM-LDA contains seven-pages, and Exhibit F that was attached to the Complaint served on PHH contains only four-pages.

31. The allegations contained in Paragraph 31 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

32. The allegations contained in Paragraph 32 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

33. Paragraph 33 refers to an exhibit to Plaintiff's Complaint, a bank statement, and does not require a response.

34. Denied.

34. The allegations contained in Paragraph 34 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.[5]

35. Paragraph 35 refers to an exhibit to Plaintiff's Complaint, a bank statement, and does not require a response.

36. Denied.

37. Denied.

38. Paragraph 38 refers to an exhibit to Plaintiff's Complaint, Providence Journal Advertisements, and does not require a response. To the extent a response is required, denied.[6]

---

[5] Plaintiff has misnumbered the paragraphs in her Complaint and has included two paragraph thirty-fours.

[6] Paragraph thirty-five of Plaintiff's Complaint refers to a bank statement as Exhibit H and Paragraph thirty-eight of Plaintiff's Complaint incorrectly refers to pages from the Providence Journal as Exhibit H. Exhibit H is a bank statement. docketed as ECF No 1-10, in C.A. No. 23-cv-00424-MSM-LDA, and is the same Exhibit H attached to the Complaint served on PHH. Further, these pages from the Providence Journal were not included in the exhibits docketed with Plaintiff's Complaint in C.A. No. 23-cv-00424-MSM-LDA. The pages from the Providence Journal were included as part of Exhibit D attached to the Complaint that was served on PHH.

39. Paragraph 39 refers to an exhibit to Plaintiff's Complaint, Providence Journal Advertisements, and does not require a response. To the extent a response is required, denied.

40. Paragraph 40 refers to an exhibit to Plaintiff's Complaint, Providence Journal Advertisements, and does not require a response. To the extent a response is required, denied.

42. Paragraph 42 refers to an exhibit to Plaintiff's Complaint, Providence Journal Advertisements, and does not require a response. To the extent a response is required, denied.[7]

43. Denied.

44. Denied.

45. Admitted.

46. Denied.

47. The allegations contained in Paragraph 47 refer to Regulation X, 12 CFR 1024.4, which speaks for itself. To the extent a response is required, denied.

48. PHH is without sufficient information to admit or deny the allegations set forth in Paragraph 48 of the Complaint.

49. The allegations contained in Paragraph 49 refer to a document, which speaks for itself. PHH denies any allegations inconsistent with the document.

---

[7] Plaintiff has misnumbered the paragraphs in her Complaint and has not included paragraph forty-one.

## COUNT I

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING FOR SEEKING TO EXERCISE THE STATUTORY POWER OF SALE WITHOUT CONTRACTUAL OR STATUTORY AUTHORITY

50. PHH incorporates by reference its responses to Paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. The allegations contained in Paragraph 64 refer to Regulation X, 12 CFR 1024.4, which speaks for itself. To the extent a response is required, denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

6

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Paragraph 74 refers to an exhibit to Plaintiff's Complaint, ECF No. 1-11, that was not served on PHH. To the extent a response is required, denied.

75. Denied.

76. Paragraph 76 refers to an exhibit to Plaintiff's Complaint, an Assignment of Mortgage, which speaks for itself. PHH denies any allegations inconsistent with the document.

77. The allegations in Paragraph 77 contain a legal conclusion to which no response is required. To the extent a response is required, PHH denies any violation of Rhode Island law.

78. The allegations in Paragraph 78 contain a legal conclusion to which no response is required. To the extent a response is required, PHH denies any violation of Rhode Island law.

79. Denied.

## COUNT II

## INJUNCTIVE RELIEF

80. PHH incorporates by reference its responses to Paragraphs 1 through 79 as if fully set forth herein.

81. Denied.

82. Denied.

84. Denied.[8]

---

[8] Plaintiff has misnumbered the paragraphs in her Complaint and has not included Paragraph 83.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The allegations contained in Paragraph 89 refer to a document, ECF No. 1-12, which speaks for itself. PHH denies any allegations inconsistent with the document.

91. The allegations contained in Paragraph 91 refer to Regulation Z (Truth in Lending Act), C.F.R. 1026.1, which speaks for itself. To the extent a response is required, denied.

92. Denied.

93. Denied.

94. Denied.

95. PHH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95.

96. Denied.

## COUNT III

## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

97. PHH incorporates by reference its responses to Paragraphs 1 through 97 as if fully set forth herein.

98. Admitted.

99. The allegations contained in Paragraph 99 refer to R.I.G.L. § 10-14.9-3, which speaks for itself. To the extent a response is required, denied.

100. Denied.

101. Denied.

70275\320012270.v1

102. The allegations in Paragraph 102 contain a legal conclusion to which no response is required.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

106. Denied.[9]

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

---

[9] Plaintiff has misnumbered the Paragraphs in her Complaint and has included two of paragraph one-hundred and six through one-hundred and eleven.

70275\320012270.v1

## COUNT IV

## VIOLATIONS OF RESPA, 12 C.F.R. § 102.41(b) AND 12 U.S.C. § 2605

114. PHH incorporates by reference its responses to Paragraphs 1 through 113 as if fully set forth herein.

115. The allegations contained in Paragraph 115 refer to Public Law No. 111-203, 124 Stat. 1376 (2010), which speaks for itself. To the extent a response is required, denied.

116. The allegations contained in Paragraph 116 refer to the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, which speak for themselves. To the extent a response is required, denied.

117. Denied.

118. The allegations contained in Paragraph 118 refer to the Real Estate Settlement Procedures Act and Regulation X, 12 U.S.C. § 2605(i)(2); 12 C.F.R. § 1024.2(b), which speak for themselves. To the extent a response is required, denied.

118. The allegations contained in Paragraph 118 refer to the Real Estate Settlement Procedures Act and Regulation X, 12 U.S.C. § 2605(1); 12 C.F.R. § 1024.2(b), which speak for themselves. To the extent a response is required, denied.[10]

119. The allegations contained in Paragraph 119 refer to the Real Estate Settlement Procedures Act and Regulation X and Regulation Z, 12 C.F.R. § 1024.31; 12 C.F.R. § 1026.33(a), which speak for themselves. To the extent a response is required, denied.

120. PHH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 120.

---

[10] Plaintiff has misnumbered the paragraphs in her Complaint and has included two of paragraph one-hundred and eighteen.

121. The allegations contained in Paragraph 121 refer to the Real Estate Settlement Procedures Act and Regulation X, 12 C.F.R. § 1026.41(e)(4); 12 C.F.R. § 617.7000, which speak for themselves. To the extent a response is required, denied.

122. The allegations contained in Paragraph 122 refer to a statute, 12 U.S.C. § 2605(k)(1)(C), which speaks for itself. To the extent a response is required, denied.

123. The allegations contained in Paragraph 123 refer to a statute, 12 U.S.C. § 2605(k)(1)(E), which speaks for itself. To the extent a response is required, denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. The allegations contained in Paragraph 135 refer to a document, ECF No. 1-13, which speaks for itself. PHH denies any allegations inconsistent with the document.

136. Denied.

137. The allegations contained in Paragraph 137 refer to a regulation, 12 C.F.R. § 1024.41(a), which speaks for itself. To the extent a response is required, denied.

138. Denied.

139. The allegations contained in Paragraph 139 refer to a statute, 12 U.S.C. § 2605(f)(3), which speaks for itself. To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for, among other reasons, Plaintiff has failed to allege facts sufficient to challenge foreclosure on any pre-foreclosure requirements, conditions or default.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands arising from their own default on obligations under a promissory note, breach of a mortgage agreement securing repayment of the note, and failure to pay or otherwise satisfy a valid and enforceable judgment against them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, to the extent any exist or are recoverable under this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

### FIFTH AFFIRMATIVE DEFENSE

All of PHH's actions were undertaken in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of setoff and recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

PHH reserves the right to raise any additional affirmative defenses.

WHEREFORE, PHH Mortgage Corporation requests judgment entered in its favor against Plaintiff, Teresa Tamelleo FKA Teresa Aglione, together with attorneys' fees and costs.

Respectfully submitted,

PHH MORTGAGE CORPORATION

By: Its Attorneys

/s/ *Jessica M. Goldberg*
Samuel C. Bodurtha, Bar No. 7075
Jessica M. Goldberg, Bar No. 10531
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)
sbodurtha@hinshawlaw.com
jessicagoldberg@hinshawlaw.com

Dated:   January 23, 2024

## CERTIFICATE OF SERVICE

I, Jessica M. Goldberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2024.

/s/ *Jessica M. Goldberg*
Jessica M. Goldberg, Bar #10531

13

70275\320012270.v1