UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TERESA TAMELLEO FKA TERESA AGLIONE,<br><br>            Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-7,<br><br>            Defendants. | C.A. NO. 1:23-CV-00424-MSM-LDA |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Defendants PHH Mortgage Corporation ("PHH") and US Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass Through Certificates, Series 2004-7 ("Trustee") (collectively, "Defendants") move to dismiss Plaintiff Teresa Tamelleo FKA Teresa Aglione's ("Plaintiff" or "Teresa Aglione") claims because this case is moot. Plaintiff has already received the relief that she requests. The Defendants have implemented the loan modification and have cancelled the foreclosure that comprised the subject matter of this lawsuit. Furthermore, the Court must dismiss Plaintiff's claims for violations of the Rhode Island Fair Debt Collection Practices Act ("RI-FDCPA") and the Real Estate Settlement Procedures Act ("RESPA") because the modification that Plaintiff has accepted includes a new principal balance, and any fees the Plaintiff claims as damages have been reversed. Lastly, generalized allegations of stress, anxiety regarding a foreclosure, and attorney's fees in bringing an action do not constitute harm sufficiently concrete to demonstrate an injury-in-fact to confer standing. There is no

justiciable controversy, and the Court must dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In further support of their Motion to Dismiss, Defendants submit the following:

## II. STATEMENT OF ALLEGATIONS

A. **Loan Origination, Default & Notice of Foreclosure**

On September 1, 1995, Albert Aglione ("Albert") and Plaintiff acquired 9 Lee Ann Drive, Johnston, Rhode Island 02919-4890 (the "Property"), as tenants by the entirety. (First Warranty Deed, Ex. 1.)[1] On April 2, 2004, Albert, individually, executed a Promissory Note in favor of Option One Mortgage Corporation ("Option One") in the amount of $175,000.00 (the "Note"). (Plaintiff's Complaint ("Compl."), ECF No. 1 ¶¶ 2; ECF No. 1-1.) Repayment of the Note was secured with a mortgage (the "Mortgage") on the Property, which Albert and the Plaintiff executed in favor of Option One.[2] (Compl. ¶ 4; ECF No 1-2.) On September 6, 2012, Sand Canyon Corporation F/K/A Option One Mortgage Corporation ("Sand Canyon") transferred the Mortgage to US Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2004-7 by assignment recorded on October 2, 2012, in the Land Evidence Records for the Town of Johnston. (Compl. ¶¶ 5, 75; ECF No. 1-3.) When PHH commenced servicing of the mortgage loan on June 1, 2019, the loan was delinquent. (Compl. ¶¶ 11-12.)

Following their divorce in 2012,[3] Albert and Plaintiff conveyed the Property to Joseph D. Tamelleo, Jr. and the Plaintiff by Warranty Deed. (*See* Compl. ¶ 1; Second Warranty Deed, Ex.

---

[1] Teresa Tamelleo F/K/A/ Teresa Aglione is the former spouse of Albert Aglione. (Compl. ¶ 1.)

[2] The Note and Mortgage are collectively referred to as (the "Loan").

[3] The records of the Rhode Island Family Court reflect that judgment finalizing Plaintiff and Albert Aglione's divorce entered on June 17, 2012 in C.A. No. P20100774.

2.) On April 24, 2023, Trustee sent Albert a Notice of Intention to Foreclose on or after June 20, 2023. (Compl. ¶¶ 14-16; ECF No. 1-5.)

    B.    **Loan Modification**

Though the loan was delinquent, the Trustee did not immediately seek to foreclose. Rather, on July 3, 2023, PHH sent Albert a letter, which approved Albert to enter into a Trial Period Plan for a loan modification if he responded by August 1, 2023, and made three payments of $1,233.42 by August 1, 2023, September 1, 2023, and October 1, 2023, respectively. (Compl. ¶¶ 27-28, 49; ECF Nos. 1-5, 1-6.) On July 26, 2023, Albert signed the agreement. Plaintiff then made the first two trial payments of $1233.42 on July 28, 2023 and August 27, 2023, respectively. PHH applied both payments to the Loan. (Compl. ¶¶ 30-36; ECF Nos. 1-7 to 1-10; 2023-2024 Payment History, Ex. 3.)

On November 16, 2023, PHH sent Albert a Loan Modification Agreement that listed him as Borrower and the Plaintiff as non-obligor. (Modification Agreement, Ex. 4 at pp. 7-9.) The Modification Agreement confirmed that the Trustee was the owner of the loan, provided a new principal balance of $231,945.75, a fixed interest rate of 2%, and a modification date of November 1, 2023. On November 30, 2023, Plaintiff and Albert signed the Modification Agreement. (*Id*. at pp. 2, 5.) Although the Plaintiff did not sign the Note, Plaintiff has alleged that PHH confirmed that she was the successor-in-interest to Albert, the original borrower. (Compl. ¶¶ 45-46.) On May 8, 2024, PHH implemented the Modification Agreement, credited Plaintiff's account for $487.80 in fees that had been assessed, and set a new principal balance on the loan at $231,945.75. (Ex. 3.) Between October 2023 and May 2024, Plaintiff made seven monthly payments, and PHH applied

3

each payment to bring the loan current. (*Id.*) On August 7, 2024, PHH credited Plaintiff's account $306.84, bringing the account current and due for the September 1, 2024 payment. (Ex. 3.)

      C.      **Plaintiff's Complaint**

Plaintiff filed this lawsuit on October 17, 2023, while simultaneously negotiating a loan modification with the Defendants. Plaintiff asserts claims for Breach of Contract (Count I), for Injunctive Relief (Count II), for violations of the RI-FDCPA (Count III), and for violations of RESPA (Count IV), alleging that Defendants refused to modify the loan, continued to pursue foreclosure, and misapplied fees and charges to the loan account. (Compl. at ¶¶ 50-139.)

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the "court must construe the complaint liberally [and] treat all well-pleaded facts as true." *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996)). The plaintiff, however, bears the burden of proving the existence of subject-matter jurisdiction and "may not rest merely on unsupported conclusions or interpretations of law. Subjective characterizations or conclusory descriptions of a general scenario which *could* be dominated by unpleaded facts will not defeat a motion to dismiss." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal citation and quotations omitted) (emphasis added). When a court cannot provide any "effectual relief to the potentially prevailing party," the case is moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). Because "[m]ootness is a jurisdictional defect," *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004), when a case is moot, "dismissal of the action is compulsory." *Redfern v. Napolitano*, 727 F.3d 77, 85 (1st Cir. 2013). A party can raise the objection that a federal court lacks subject matter

jurisdiction at any time, and Rule 12(h)(3) provides that a court must dismiss the action if it determines at any time in the litigation that it lacks subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  Finally, "in ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings . . . [and] may consider any evidence it deems necessary to settle the jurisdictional question." *Morey v. State of Rhode Island*, 359 F. Supp. 2d 71, 74 (D.R.I. 2005).

## IV. LEGAL ARGUMENT

A.  Plaintiff's Claim for Breach of Contract is Moot because the Defendants Implemented the Loan Modification Agreement and Cancelled the Foreclosure.

This Court must dismiss Plaintiff's claim against Trustee for Breach of Contract because Defendants' implementation of the Modification Agreement and cancellation of the foreclosure sale moots Plaintiff's claim. According to the Supreme Court, a claim is moot if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). Federal courts have routinely held that when a foreclosure sale is cancelled or rescinded, a borrower's allegations of non-compliance with statutory requirements and allegations premised on the non-judicial foreclosure become moot. *See Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 369 (1st Cir. 2015); *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163, 168 (D.R.I. 2016); *Nash v. GMAC Mortg., LLC*, No. CA 10-493 S, 2011 U.S. Dist. LEXIS 142081, *38 (D.R.I. May 18, 2011), *R & R adopted*, No. CA 10-493 S, 2011 U.S. Dist. LEXIS 70219* (D.R.I. June 20, 2011).

For example, in *Matt v. HSBC Bank*, the borrower filed an action to avoid foreclosure and sought damages on allegations of an invalid mortgage assignment. 783 F.3d at 369-71. The borrower appealed the District Court's summary judgment ruling in favor of the bank and loan

servicer, and during the appeal process, the borrower executed a loan modification agreement. *Id.* at 372-73. The First Circuit dismissed the appeal because the borrower's own actions in agreeing to the loan modification reaffirmed her debt and brough the loan current rendering any case or controversy moot because the foreclosure was rescinded. *Id*. Likewise, in *Martins*, the borrower alleged that the bank violated her due process rights and her contractual right to proper notice of foreclosure. 214 F. Supp. 3d at 167-68. The District Court dismissed borrower's claims as moot because the foreclosure was rescinded, the borrower had not established that the harm she sought to prevent was impending, and any speculation that she may be harmed in the future was not enough to establish an actual case or controversy. *Id*. at 167-68. Finally, in *Nash*, the District Court held that a borrower's claims were moot after the foreclosure sale was cancelled. 2011 U.S. Dist. LEXIS 142081, *37-38. Any remedies for wrongful foreclosure, either allowing the wrongful foreclosure to remain and asking for damages or seeking to have the foreclosure set aside, were non-existent upon cancellation. *Id*.

Here, Plaintiff's claims challenging the pre-foreclosure notices as a violation of her contractual rights under the terms of the mortgage are moot. First, there is no dispute that the Defendants cancelled the foreclosure sale. Second, there is no reasonable expectation that the alleged violations surrounding the foreclosure sale will recur because the Defendants modified the Plaintiff's loan in resolution of the default that formed the basis of the foreclosure sale. Any foreclosure would only result from a new default and new notices. Third, the Defendants' implementation of the November 1, 2023 Modification Agreement and cancellation of the foreclosure has completely removed any of Plaintiff's claims for breach of contract regarding the foreclosure notices and loan modification.

70275\322074938.v1

Plaintiff also presents no justiciable claim to challenge the amount owed on the loan at foreclosure or that Trustee is owner of the Loan because she affirmed the debt and acknowledged that Trustee was the owner of the loan when she executed the Modification Agreement. *See Matt*, 783 F.3d at 369; *Avedisian v. Select Portfolio Servicing, Inc.*, No. 16-6545, 2017 U.S. Dist. LEXIS 204278, *12-13 (D.R.I. Aug. 29, 2017); *Linn v. Option One Mortg.*, No. 1:22-cv-11535-IT, 2024 U.S. Dist. LEXIS 8830, *13 (D. Mass. Jan. 17, 2024); *Barrasso v. New Century Mortgage Corporation*, 91 Mass. App. Ct. 42, 50 (Mass. 2017). The Loan Modification states that "[t]he New Principal Balance of the Note will be $231,945.75." (Modification Agreement, Ex. 4 at p. 3.) The 2024 payment history shows that when PHH implemented the Modification Agreement in May of 2024, the principal balance on the loan was modified under the terms of the agreement to $231,945.75. (2023-2024 Payment History, Ex. 3.) The payment history also shows that fees in the amount of $487.80 were credited to the account. (*Id*.) Moreover, without conceding that Plaintiff's allegations have merit, the Defendants have additionally credited Plaintiff's account in the amount of $306.84, in order to bring Plaintiff's loan current. (*Id*.) There is no longer a breach of contract claim because the breach Plaintiff alleges, even if cognizable, has been cured – the foreclosure sale was cancelled, and the Modification Agreement has been implemented with all of Plaintiff's payments applied to the Loan and any fees charged to the Loan reversed. Stated another way, Plaintiff has not been damaged. Accordingly, the Court must dismiss Count I of the complaint pursuant to Rule 12(b)(1).

      B.    Plaintiff does Not have Standing to Bring Claims under RESPA because Plaintiff has Failed to Allege a Concrete Injury.

Plaintiff does not have standing to bring claims against PHH for violations of RESPA because she cannot demonstrate any actual damages resulted from the advertising of the foreclosure sale. (Compl. ¶¶ 138-39.) The Supreme Court requires a plaintiff to demonstrate an

7

injury-in-fact to have standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016). In order for a Plaintiff to demonstrate an injury in fact they must show that they suffered "an invasion of a legally protected interest" that is "**concrete and particularized**" and "actual or imminent, not conjectural or hypothetical." *Id*. at 339 (citation omitted and emphasis added). For an injury to be concrete, "it must actually exist." *Id*. at 340. After the *Spokeo* decision, the Rhode Island federal court has determined that this injury requirement applies to RESPA claims – "a claim that alleges a violation of [RESPA] but fails to produce any evidence of a concrete or particularized injury, must be dismissed." *Curtis v. Embrace Home Loans, Inc.*, No. 18-057-JJM-PAS, 2020 U.S. Dist. LEXIS 78533, *5 (D.R.I. May 4, 2020).

RESPA requires that any plaintiff seeking relief establish actual damages that result from a loan servicer's failure to comply with 12 U.S.C. § 2605. Section 2605(f) (**Damages and costs**) provides that a loan servicer is liable to a borrower for the following damages:

> In the case of any action by an individual, an amount equal to the sum of—
>
> (A) any actual damages to each of the borrowers in the class as a result of the failure; and
>
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class....

12 U.S.C. § 2605(f)(2) (emphasis added).

Rhode Island federal courts have determined that fees incurred in prosecuting a RESPA claim, fees charged to the loan account that were never paid, and emotional stress are not a substitute for the injury-in-fact requirement because a plaintiff must show how they were actually harmed to have standing. *Curtis,* 2020 U.S. Dist. LEXIS 78533, *5; *Cordeiro v. Carrington Mortg. Servs.*, No. 19-510-WES, LLC, 2020 U.S. Dist. LEXIS 107799, *6 (D.R.I. June 19, 2020). For example, in *Curtis*, a borrower alleged violations of RESPA for the loan servicer's purported

failure to cure a notice of error. 2020 U.S. Dist. LEXIS 78533, *2-4. The borrower claimed he incurred damages from attorney's fees to prosecute the action, postage costs for mailing the notices of error, stress from the foreclosure, and improper foreclosure costs and fees charged to his account for the bank's purported failure to implement loss mitigation procedures. *Id*. at, *5-7. The Court dismissed borrower's claims because the postage costs, property inspections, foreclosure legal fees, and stress from the foreclosure did not constitute a concrete harm and borrower's attorney's fees incurred were not sufficient to replace the actual injury-in-fact requirement under *Spokeo*. *Id*., at *5-7. Likewise, in *Cordeiro*, the borrower alleged that the loan servicer violated RESPA for failing to timely and properly respond to requests for information. 2020 U.S. Dist. LEXIS 107799, *4-6. The borrower did not satisfy the injury-in-fact prong sufficient to confer standing because the borrower's alleged damages were solely for time and money related to bringing RESPA claims. *Id*. at, *8-9.

Plaintiff claims that PHH violated RESPA, 12 C.F.R. § 1024.41(b) and 12 U.S.C. § 2605, by running foreclosure advertisements while Plaintiff was making her first two trial payments on the modification. (Compl. ¶¶ 114-139.) Plaintiff, however, has failed to demonstrate concrete harm from the advertisements of the foreclosure sale sufficient to confer standing. Any fees charged to the account after the Modification Agreement was implemented have been reversed, the foreclosure sale was cancelled, and emotional turmoil and attorney's fees incurred in bringing a RESPA action do not constitute an injury-in-fact sufficient to confer standing. (Compl. ¶¶ 130, 138-39; Modification Agreement, Ex. 4; 2023-2024 Payment History, Ex. 3.) Defendants have also credited Plaintiff's account in the amount of $306.84, in order to bring Plaintiff's loan current. (Ex. 3.) Furthermore, Plaintiff's claim for damages from embarrassment, stress, and loss of sleep without demonstrating how this caused her a concrete injury does not suffice to confer standing.

9

Lastly, Plaintiff's attorney's fees and costs alone cannot replace the injury-in fact requirement as set forth in *Spokeo*. Accordingly, Plaintiff has failed to show any redressability or injury-in-fact sufficient for this court to have jurisdiction over these claims.

Plaintiff also requests statutory damages under RESPA by claiming that PHH's actions are part of a pattern and practice of behavior of violating RESPA. (Compl. ¶¶ 131-139). However, the Rhode Island District court and courts across circuits have determined that a plaintiff cannot sustain a claim under RESPA for statutory damages if a plaintiff has failed to demonstrate actual damages stemming from the alleged RESPA violation. *Fitch v. Fed. Hous. Fin. Agency*, No. 18-cv-214, 2021 U.S. Dist. LEXIS 203021, *11-12 (D.R.I. Oct. 21, 2021), *R & R adopted*, 2022 U.S. Dist. LEXIS 10890* (D.R.I. Jan. 18, 2022); *Ortiz v. NewRez LLC*, No. 23-11222, 2024 U.S. Dist. LEXIS 64528, *2 (D. Mass. Apr. 9, 2024); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-20 (8th Cir. 2018); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020). In *Fitch*, the borrower alleged that a bank failed to appropriately respond to notices of error and that the bank's alleged failure to respond was a pattern and practice. 2021 U.S. Dist. LEXIS 203021, *10-12. The borrower sought actual and statutory damages and claimed that his damages were in the form of time spent away from work and other activities and attorney's fees incurred to bring the litigation. *Id*. at, *12. The Rhode Island District Court dismissed borrower's RESPA claims for lack of subject matter jurisdiction because, even assuming there was a RESPA violation, there were no actual damages as a result and therefore, borrower could not recovery statutory damages. *Id.* at, *16-27. Likewise, in *Ortiz*, the Massachusetts District Court deferred to the Eighth Circuit's ruling in *Wirtz*, 886 F.3d at 719-20, and the Eleventh Circuit's ruling in *Trichell*, 964 F.3d at 1000, to determine that for a RESPA claim "statutory damages are only available when actual damages are sufficiently plead." 2024 U.S. Dist. LEXIS 64528, *2. Here, because Plaintiff

has failed to demonstrate actual damages, she cannot recover statutory damages under RESPA and Count IV of Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

      C.      Plaintiff does Not have Standing to Bring Claims for Violation of the RI-FDCPA because Plaintiff has Failed to Allege a Concrete Injury and is Not a Consumer under the RI-FDCPA.

Plaintiff's claimed damages for improper fees charged to the account, emotional turmoil, and attorneys' fees do not constitute a concrete and particularized injury. The RI-FDCPA prohibits unfair means of collecting a debt:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Such unfair or unconscionable means shall include, but not be limited to: . . . (f) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: (1) There is no present right to possession of the property claimed as collateral through an enforceable security interest; (2) there is no present intention to take possession of the property; or (3) the property is exempt by law from such dispossession of disablement.

R.I. Gen. Laws § 19-14.9-8(f)(1). The Rhode Island federal court has determined that, under *Spokeo*, the injury-in-fact requirement applies to RI-FDCPA claims. *Viera v. Bank of N.Y. Mellon*, No. 17-0523-WES-PAS, 2018 U.S. Dist. LEXIS 176276, *10 (D.R.I. Oct. 12, 2018). In *Viera*, the borrower brought an action for violation of the RI-FDCPA by claiming that he received inaccurate monthly mortgage statements because his mortgage loan account incurred improper fees and costs relating to foreclosure attempts on his property. 2018 U.S. Dist. LEXIS 176276, *8-12. The borrower sought damages for the attorney's fees and costs incurred in bringing the RI-FDCPA action. *Id*. at, *10-11. However, the borrower had failed to explain how the allegedly improper fees charged to the account caused him actual harm because there was no allegation in the complaint that the borrower ever paid those fees. *Id*. Accordingly, the District Court held that the borrower failed to allege an injury-in-fact because borrower failed to show how he was harmed, and his attorneys' fees incurred in bringing the action were not a substitute for the injury-in-fact requirement. *Id*. at, *10-12. The Court referred to *Spokeo* and opined that "'not all inaccuracies

11

cause harm or present any material risk of harm' and, therefore, a complaint based upon only a technical violation of a statutory right, without any explanation of how the violation actually harmed the plaintiff, fail[s] to establish standing." *Id*. at, *10 (citation omitted).

Plaintiff claims that PHH violated R.I. Gen. Laws. §§19-14.9-7(e), 19-14.9-8(f), because PHH, on behalf of Trustee took actions to foreclose even though Trustee allegedly did not comply with the Loan Modification and was never assigned the mortgage. (Compl. ¶¶ 106-110.) Plaintiff's claim that Trustee is not the owner of the Loan fails as a matter of law because she acknowledged that Trustee was the owner of the loan when she executed the Modification Agreement. *See Avedisian v. Select Portfolio Servicing, Inc.*, No. 16-6545, 2017 U.S. Dist. LEXIS 204278, *12-13 (D.R.I. Aug. 29, 2017); *Linn v. Option One Mortg.*, No. 1:22-cv-11535-IT, 2024 U.S. Dist. LEXIS 8830, *13 (D. Mass. Jan. 17, 2024); *Barrasso v. New Century Mortgage Corporation*, 91 Mass. App. Ct. 42, 50 (Mass. 2017). Plaintiff has also failed to allege how PHH actions to foreclosure and Trustee's purported void assignment of the mortgage caused her actual harm. The foreclosure sale was cancelled, the Loan Modification was implemented, and any fees incurred that were charged to Plaintiff's Loan after the implementation of the Loan Modification have been reversed. Furthermore, Plaintiff simply stating that she suffered emotional distress without more and her claimed damages in the form of attorney's fees incurred in bringing this action, do not constitute an actual harm necessary to confer standing. Accordingly, Plaintiff has failed to show any injury-in-fact sufficient for this court to have jurisdiction over her claim for violation of the RI-FDCPA.

Plaintiff also does not have standing to bring a claim under the RI-FDCPA because she was not a consumer and PHH was not collecting a debt. The RI-FDCPA defines a "consumer" as any person obligated or allegedly obligated to pay any debt, as defined by 15 U.S.C. § 1692a." R.I.

12

Gen. Laws § 19-14.9-3(1). The Eleventh Circuit has determined that a plaintiff does not have standing to sue under the FDCPA if they are only a party to a mortgage and not the promissory note, because they are not considered a debtor or "consumer" of the loan. *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 873 (11th Cir. 2010); *Little v. Seterus, Inc.*, No. 16-cv-60700-BLOOM/Valle, 2017 U.S. Dist. LEXIS 21266, *12 (S.D. Fla. Feb. 13, 2017). Here, Plaintiff did not sign the promissory note, and she did not assume the loan until May of 2024, well after the foreclosure sale was cancelled. (May 30, 2024 Assumption Letter, Ex. 5.) Like in *Johnson*, Plaintiff is not a "consumer" under the RI-FDCPA because she was not obligated to pay the debt owed on the Loan pursuant to the Promissory Note at the time she filed this action. Accordingly, Plaintiff's RI-FDCPA should be dismissed because Plaintiff does not have standing to sue under the RI-FDCPA.[4]

> D.  Plaintiff's Request for Injunctive Relief should be Dismissed because this Request Not a Standalone Cause of Action and any Request for Injunctive Relief is Moot

Lastly, Plaintiff's request for injunctive relief in Count II of her Complaint should be dismissed because "[a] claim for injunctive relief is not a standalone cause of action." *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 197 (D.R.I. 2016); *Wilson v. HSBC Mortg. Servs.*, 744 F.3d 1, 16 (1st Cir. 2014); *Cordeiro v. Carrington Mortg. Servs.*, No. 19-510-WES, LLC, 2020 U.S. Dist. LEXIS 107799, *6 (D.R.I. June 19, 2020). Instead, a request for injunctive relief is solely a remedial measure or a form of requested relief. *Avedisian*, 2017 U.S. Dist. LEXIS 204278, *23. Even so, for the reasons stated above, any request for injunctive relief as a remedy to stop the

---

[4] If this Court were to dismiss all counts of Plaintiff's complaint, except the RI-FDCPA claim (Count IV), this Court should decline to exercise supplemental jurisdiction over the only remaining state law RI-FDCPA claim. *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015). "Where a federal court has dismissed the anchoring federal claims over which it has original jurisdiction, the court 'may decline to exercise supplemental jurisdiction' over the remaining state-law claims." *Id.* (citation omitted).

foreclosure would be moot because the foreclosure has been cancelled and the Loan Modification has been implemented. Accordingly, Count II of Plaintiff's Complaint should be dismissed.

## V. CONCLUSION

For the reasons stated, Defendants PHH Mortgage Corporation ("PHH") and US Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass Through Certificates, Series 2004-7 ("US Bank, as Trustee") respectfully request that the Court dismiss all counts of Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

PHH MORTGAGE CORPORATION and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-7

By: Its Attorneys

/s/ *Jessica M. Goldberg*
Samuel C. Bodurtha, Bar No. 7075
Jessica M. Goldberg, Bar No. 10531
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Tel: 401-751-0842/Fax: 401-751-0072
sbodurtha@hinshawlaw.com
jessicagoldberg@hinshawlaw.com

Dated: August 21, 2024

**CERTIFICATE OF SERVICE**

      I, Jessica M. Goldberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 21, 2024.

                                                /s/ *Jessica M. Goldberg*
                                                Jessica M. Goldberg

70275\322074938.v1